The Honorable John Thomas Kennedy Prosecuting Attorney, Fifth Judicial District P.O. Drawer F Russellville, Arkansas 72811
Dear Mr. Kennedy:
This is in response to Deputy Prosecuting Attorney Bruce R. Wilson's request for an opinion regarding the lease of a county hospital to a nonprofit corporation. Mr. Wilson's request pertains, specifically, to the proposed lease of Johnson County Regional Hospital, located in Clarksville, to Johnson Regional Medical Center. Enclosed with Mr. Wilson's correspondence is a copy of the proposed Johnson County Quorum Court Ordinance regarding the lease, which is entitled:
 AN ORDINANCE ACCEPTING THE RESIGNATIONS OF THE BOARD OF GOVERNORS OF JOHNSON COUNTY REGIONAL HOSPITAL; APPROVING THE ASSIGNMENT AND LEASE AGREEMENT OF THE HOSPITAL TO JOHNSON REGIONAL MEDICAL CENTER; AND PRESCRIBING OTHER MATTERS RELATING THERETO.
Also enclosed with the request is a copy of the proposed assignment and lease agreement between Johnson County, the "Lessor," and Johnson Regional Medical Center, the "Lessee." In his correspondence, Mr. Wilson states that Johnson County Judge Mike Jacobs has some concern about the proposed lease, given the restrictions placed upon the lease of county property. With respect to this matter, Mr. Wilson has asked for an opinion on the following questions, which I have restated in part:
 1. What is the applicability of A.C.A. § 14-16-105 to the lease of Johnson County Regional Hospital to Johnson Regional Medical Center?
 2. What is the applicability of A.C.A. § 14-16-107 to the lease of Johnson County Regional Hospital to Johnson Regional Medical Center?
 3. What is the applicability of A.C.A. § 14-263-106
to the lease of Johnson County Regional Hospital to Johnson Regional Medical Center?
 4. Whether Johnson County must consider other entities which might be interested in leasing Johnson County Regional Hospital, or whether the county can deal with the proposed lessee (i.e. Johnson Regional Medical Center) without the necessity of any public bidding as to the lease of the facilities?
 5. Can the existing hospital board of directors be dissolved once the lease is approved or does the existing hospital board have to remain in existence with the statutorily required replacement of board members as their terms expire?
 6. Whether the existing board of directors can serve as the new board of directors for the nonprofit corporation that has been formed? If so, would there be any conflict of interest arising from the dual service by both boards?
With regard to the proposed lease enclosed with the request for an opinion, it should be noted initially that it is the policy of this office not to review specific documents with a view toward making a determination as to their legality or sufficiency. That function is properly performed by the county attorney, or by the party to whom the county normally looks for legal advice. As such, what I will attempt to do within the context of this opinion is to address the specific questions posed by Mr. Wilson as they relate to the statutory requirements for the lease of a county hospital. Accordingly, nothing stated herein should be construed as an opinion on any of the specific provisions of the lease submitted.
With respect to Mr. Wilson's first question, it is my opinion that A.C.A. § 14-16-105 (Cum. Supp. 1993) is inapplicable to the lease of a county hospital. That Code section provides that county quorum courts have the authority to sell any real estate or personal property belonging to the county and to appropriate the proceeds from the sale for the use of the county. A.C.A. §14-16-105(a).[1] There is also a provision in A.C.A. §14-16-105 which specifically refers to county hospitals, but it too refers to the sale of such structures. See A.C.A. §14-16-105(g) (stating that "[c]ounty hospitals constructed or maintained in whole or part by taxes approved by the voters shall not be sold unless the sale is approved by the majority of electors voting on the issue at a general or special election. . . .") Since § 14-14-105 applies to the sale, rather than lease, of property, it is my opinion that the statute is inapplicable in this instance. Accordingly, the procedures outlined therein would not be required in the lease of Johnson County Regional Hospital.
With respect to Mr. Wilson's second question, it is my opinion that A.C.A. § 14-16-107 (1987), as well, is inapplicable to the lease of a county hospital. That section provides:
 Whenever a portion of county lands are dedicated for the benefit of any lawfully incorporated, quasi-public, nonprofit, nonsectarian organizations including, but not limited to, medical clinics, that county real property may be sold to any buyer, upon the approval of the county judge and a two-thirds (2/3) vote of the quorum court of the county, without the necessity of soliciting for competitive bids.[2]
As with A.C.A. § 14-16-105, this statute clearly pertains to thesale, rather than lease, of county property and thus would be inapplicable to the lease of Johnson County Regional Hospital.
With respect to Mr. Wilson's third question, A.C.A. § 14-263-106
(1987) provides:
 (a) Should the board of governors [of a county hospital] determine that it would be in the best interest of the citizens of the county that the hospital be operated or leased to some individual, firm, or corporation, the board may contract or lease the equipment and hospital facilities[3] to the individual, firm, or corporation for such period of time and for such consideration and conditions as the board may deem wise, subject to approval of the contract or lease by the county judge and the quorum court of the county in which the hospital is located.[4]
 (b) The power to so lease or contract hospital facilities and equipment shall not be subject to the approval of the county judge and quorum court when restricted by county hospitals which were constructed with a federal grant-in-aid pursuant to Public Law 79-725.
The foregoing statute would be applicable in this instance since it refers to the lease of a county hospital. Thus, pursuant to subparagraph (a) of § 14-263-106, the lease of Johnson County Regional Hospital to Johnson Regional Medical Center would have to be approved by the Johnson County Quorum Court and Johnson County Judge.
With regard to Mr. Wilson's fourth question, it is my opinion that there are no "public bidding" requirements with respect to the lease of a county hospital. Rather, the only requirements with respect to the decision to lease such a hospital appear to be that the board of governors of the hospital must decide that it would be in the best interests of the citizens of the county to lease the hospital and the county judge and quorum court must approve the lease. See A.C.A. § 14-263-106(a).
With regard to Mr. Wilson's fifth question, it is my opinion that dissolution of the board of governors would in all likelihood not be permissible.[5] Though the statutes regarding county hospitals, which appear at A.C.A. §§ 14-263-101 to -106 (1987), simply do not address whether the board of governors of a county hospital may be dissolved once the hospital has been leased pursuant to A.C.A. § 14-263-106, section 14-263-103 does provide that in each county owning a county hospital a board of governors shall be created and "shall be charged with the responsibility of the management, control, and operation of the county hospital."Id. at (a). Thus, the board of governors is the body required by state law for any county-owned hospital. Additionally, under a previous administration, this office has stated that "[i]n the event the Board [of Governors] leases the hospital for third party operation, the Board retains the underlying responsibility for its management, control and operation." See Op. Att'y Gen. No. 86-537 at 2. This conclusion seems logical since the county hospital, though leased, will still be "county-owned" and since some entity would need to assure that the lessee is complying with the terms of the lease. It is also possible, depending on the terms of a particular lease, that a board of governors would continue to have certain specific responsibilities with respect to the operation of the hospital.
With respect to Mr. Wilson's sixth question, it is my opinion that a board of governors of a county hospital (which I have opined above should continue in existence even upon lease of the hospital) should not simultaneously serve as the board of directors for the corporation to whom the hospital is being leased. A conflict of interest could arise in this situation since, as stated above, the board of governors retains the underlying responsibility for the hospital.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:NAH/cyh
[1] The statute also sets forth the requisite procedures for such sales. For example, the property must be appraised, and if the appraised value is less than five hundred dollars ($500.00), the property may be sold and conveyed by the county judge, either at a public or private sale, for not less than three-fourths (3/4) of the appraised value of the property. A.C.A. §14-16-105(d)(1). If, however, the appraised value of the property to be sold exceeds five hundred dollars ($500.00), the county judge may sell the property to the "highest and best bidder" upon sealed bids received by the county judge, but the property may not, in that instance, be sold for less than three-fourths (3/4) of its appraised value. A.C.A. §§ 14-16-105(e)(1)(A) (B).
[2] In Op. Att'y Gen. No. 92-022, it was concluded that the term "dedicated," as appears in A.C.A. § 14-16-107, is used in its common and ordinary sense as meaning "to set apart to a definite use." Id. at 3, citing Webster's. Recently, in Op. Att'y Gen. No. 94-168, it was also determined that A.C.A. §14-16-105 does not apply to sales governed by A.C.A. §14-16-107.
[3] In Op. Att'y Gen. No. 94-007, it was stated that the term "facilities," as appears in A.C.A. § 14-263-106(a), can be construed to include the cash, accounts receivable and other liquid assets of a county hospital which will be used by the lessee in operation of the hospital.
[4] Arkansas Code Annotated § 14-16-108 (1987) also permits the sale or lease of any "county-owned hospital," where there is no outstanding bonded indebtedness, to any municipality in the county upon such terms and conditions as the county court deems advisable. A majority of the county quorum court must approve the sale or lease. Id. at subsection (b)(2).
[5] Pursuant to A.C.A. § 14-263-104, the board of governors of a county hospital shall consist of seven (7) members, to be appointed by the county judge and approved by the quorum court. The term of office for each member shall be seven (7) years.Id. at (b)(1). In addition, the board of governors is an honorary board, and its members receive no compensation for their services, nor are they liable individually for any civil damages arising out of the operation of the hospital. Id. at (e).